UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-00026-FDW

| | | |
|---|---|---|
| TEON JAMELL WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| KENNETH LASSITER, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon pro se Petitioner Teon Jamell Williams's Motion to Challenge Jurisdiction (Doc. No. 12) and "Motion to Compel, etc." (Doc. No. 16).

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 raising five grounds for relief. (Doc. No. 1.) Respondent has filed a Motion for Summary Judgment. (Doc. No. 7.) Eighty days after Respondent filed the summary judgment motion, Petitioner filed his Motion to Challenge Jurisdiction (Doc. No. 12), which the Court construes as a motion to amend his § 2254 Petition to add a ground for relief.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave[, and that t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Respondent opposes Petitioner's Motion (Doc. No. 13). "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Equal Rights Center v. Niles Bolton Assoc., 602 F.3d 597, 604 (4th Cir. 2010).

Here, amendment to add Petitioner's proposed ground for relief would be futile. Rule

1

2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a habeas petition specify the ground for relief and state the facts supporting the ground for relief raised. Rules Governing § 2254 Cases, Rule 2(c)(1)-(2), 28 U.S.C.A. foll. § 2254. In his Motion, Petitioner quotes several cases that stand for the principle that subject matter jurisdiction cannot be waived and can be challenged at any time. He also quotes Rule 1 of the Federal Rules of Civil Procedure and lists three presumptions in the form of questions: 1) "Is it presumed that my body is a vessel under Title 18 U.S.C. 79(1)?"; 2) "Is it a presumption that social security insurance contract bound the defendant into the 'special maritime jurisdiction'?"; and 3) "Is it presumed that the defendant was engage in interstate commerce?". (Doc. No. 12 at 2.) Although, Petitioner ostensibly challenges subject matter jurisdiction, he does not specify whether he is challenging the State court's or this Court's jurisdiction to enter judgment, although, presumably, it is the former. Moreover, he does not identify the basis upon which he challenges the court's(') subject matter jurisdiction or allege any supporting facts to support his challenge. To the extent Petitioner believes he is challenging either court's subject matter jurisdiction to enter judgment against him based upon admiralty or maritime law, such a challenge is patently frivolous.

In sum, Petitioner's motion to amend his § 2254 Petition to add this claim would be futile as it fails to comply with Rule 2(c) of the Rules Governing Section 2254 Petitions, fails to state an identifiable claim for relief, and/or is frivolous. Accordingly, the Motion shall be denied.

Petitioner's "28 US.C. § 2254 Notice/Motion & Treaty to Compel, Status Correction, Customs; Expediency of Expatriate of the Said Body of the Afro-Asiatic From the United States, its Constitutions and Dept. of N.C. Public Safety and Repatriate, and Incorporate Memorandum of Law, Recognition of Law" (Doc. No. 16) seeks to compel his release from State custody

because, as the Court understands it, the State of North Carolina violated a treaty between it and Petitioner. The Motion shall be denied as frivolous.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Challenge Jurisdiction (Doc. No. 12), which the Court construes as a motion to amend the § 2254 Petition, is **DENIED**, and Petitioner's "Motion to Compel, etc." (Doc. No. 16) is **DENIED**.

Frank D. Whitney
Chief United States District Judge

Signed: April 2, 2020